Firefox   about:blank
Case 2:22-cv-00416-JCB   Document 5   Filed 06/22/22   PageID.26   Page 1 of 12
Firefox   about:blank

FILED
2022 JUN 22 AM 10:56
CLERK
U.S. DISTRICT COURT

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
for the
_____ District of __UTAH__
_____ Division

Received
2022 JUN 22 AM 8:20
CLERK
U.S. DISTRICT COURT

ERIKA JACOBS
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

ASHLEY REGIONAL MEDICAL CENTER
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one) [X] Yes [ ] No

Case: 2:22−cv−00416
Assigned To : Bennett, Jared C.
Assign. Date : 6/22/2022
Description: Jacobs v Ashley Regional Medical Center

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

[X] Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

[X] In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis. attached

Page 1 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: ERIKA JACOBS
- Address: P O BOX 1584
  - City: Vernal
  - State: Utah
  - Zip Code: 84078
- County: Uintah
- Telephone Number: 602-434-3107
- E-Mail Address: Erika457@live.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Ashley Regional Medical Center
- Job or Title (if known): Hospital
- Address: 150 W 100 N
  - City: Vernal
  - State: UT
  - Zip Code: 84078
- County: Uintah
- Telephone Number: 435-789-3342
- E-Mail Address (if known):

[ ] Individual capacity  [X] Official capacity

Defendant No. 2
- Name: N/A
- Job or Title (if known):
- Address:
  - City:
  - State:
  - Zip Code:
- County:
- Telephone Number:
- E-Mail Address (if known):

[ ] Individual capacity  [ ] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

**Defendant No. 3**
Name: N/A
Job or Title (if known):
Address:
City / State / Zip Code
County:
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity    [ ] Official capacity

**Defendant No. 4**
Name: N/A
Job or Title (if known):
Address:
City / State / Zip Code
County:
Telephone Number:
E-Mail Address (if known):

[ ] Individual capacity    [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

① 34A-5-106 Discriminatory or prohibited employment practices
② UT Code 3-1-18 Inducing breach of contract - False reports -
③ 25 U.S. Code § 3116 obligated service; breach of contract (a)
④ UT Codes 78B-2-104 et seq wrongful termination statutes of limitation
⑤ UT Code 34-28-19 Retaliation prohibited

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

B. (Continued)
⑥ UT 34A-6-203 Discharge or retaliation
⑦ Wrongful termination codes/statutes of employment not listed but applicable to case
i. Hereforth, any other relative laws that may become effective due to defendants response allowed to be entered.

Firefox about:blank
Case 2:22-cv-00416-JCB   Document 5   Filed 06/22/22   PageID.29   Page 4 of 12
Firefox about:blank

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Ashley Regional Medical Center

B. What date and approximate time did the events giving rise to your claim(s) occur?

The dates are
May 2022, May 25-26, June 6-7
June 1-3, Feb-March 2022, April 2022

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment

Page 4 of 6

Erika Jacobs vs. Ashley Regional Medical Center

D. I was hired by Ashley Regional Medical Center on the later week of March of 2022. I was hired to work 3rd shift (graveyard shift). Prior to be hired by Ashley Regional Medical Center I was interviewed by Brian Huber, lab manager and Ben, lab supervisor. I asked Brian and Ben about what the job entailed. Brian and Ben advised me that I would be required to do some phlebotomy but the nurses would also assist with blood draws; with the routine testing done by Technologist. All Medical Technologist have to be told if phlebotomy will be required of them prior to hire because we are normally not required to draw blood.

I was hired through a temporary service for permanent hire with Ashley Regional Medical Center and I was to give 2 years of service for the sign on bonus. I accepted the position of Medical Technologist under the following conditions: I would have every Sabbath day off and the specified job duties stated to me the during the interview, with Brian Huber and Ben Batty, was what I would be expected to perform. I told the temporary representative, that I would not accept the position unless I had my Sabbath off every week. The temporary representative stated she would speak with the lab manager to verify if that was possible. I was told by the Temporary representative that the lab manager agreed to give me my Sabbath off each week and I accepted the position and signed the form for acceptance of hire. I was told by Deena Mansfield, Hr representative, that my health benefits would start Day 1 of hire.

**Complaint/Breach/Violation by Company:**

1. The Company did not honor my Sabbath's off each week as promised.
2. The Company did not honor health benefits to start day of hire as indicated by Deena Mansfield per phone conversation
3. I was told I had to collect nose and throat swabs by the Phlebotomist supervisor during training. Brian and Ben never told me that swab collection would be required of me. It was very important for the information on swab collection to be told to me because that falls under the category of medical assisting. **I am Medical Technologist and was not interested in any medical assisting duties.** Thus, I sent Brian an email

D, during training expressing to him my concerns on swab collection. There is theory behind procedures done in the medical profession. The medical profession is not like customer service in which you cross train with no schooling in any area. Certifications and licenses and proper trainers are required for any medical professional to be allowed to perform any procedure on or for a patient.

The email I sent to Brian stated that I was not informed of swab collection as a job function, that I was not trained to obtain swabs, I did not feel comfortable collecting swabs and requested that this task of swab collection not be required of me because I was not required to perform this task per my job hire. Swab collection is normally done by Nurses and medical Assistants.

I sent Brian email stating to him that due to his delay in response to my email I assume he was in concurrence with my request. Brian responded he never received the email around 5-26-22. I started training at Ashley Regional Medical Center on 4-22-22. I sent Brian another email with the same information about swab collection. Brian expressed that he did not need to tell me about swab collection. Unfortunately, it was imperative that Brian tell me of swab collection because it is not a job related function of Medical Technologist (it is just as important as informing a Medical Technologist of phlebotomy request.

**Nurses (Kim, House Nurse; Ricky, nurse; and other nurses) all were in violation of UT 3-1-18 in that they were trying** induce the violation of the contract with my termination by reporting false reports to my manager Brian Huber. Nurses called Brian Huber at night and requested he come into assist me because they did not think I could handle my job (the nurses were not present in the lab and are not skilled in my profession to make that decision). The nurses do not know me at all thus how can they make the determination of what I can or cannot do. **UT Code 3-1-18, 34A-5-106** Discriminatory or prohibited employment practices Nurses would call Brian Huber and request someone come in because they did not think I knew how to ABORH type and screen patients for blood. Nurses would call Brian Huber and tell him I was slamming objects down in the Emergency Room (ER). Nurses would call Brian Huber and request he sent me to the ER to collect nose and throat swabs (these are nurses assigned duties). I had nurses threatening to

O. write me up (nurses are not authorized over any laboratory personnel and do not have the authority to write me up). Nurses are not authorized to be in the laboratory. Yet, Kim the house Nurse would come in and watch me as I performed my job duty when requesting blood (Kim is to request blood via the phone or computer) for a patient.

I sent an email to Deena Mansfield in May 2022 about nurses unprofessional behavior and about swab collection. Deena Mansfield asked if I would like to have a meeting. I responded, "no, I will put my complaint and request in writing". Deena Mansfield agreed that would be acceptable and no meeting will be conducted. I advised Deena that I had spoken to my manager Brian Huber prior to sending my complaint. Deena asked me if I wanted to involve Brian in the review and I responded, "no". Deena stated that is fine. Deena Mansfield was taking my complaint about nurses to the CNO Perry Ballard for review. In the laboratory heirachy goes as follows: supervisor, lab manager, and Pathologist.

As a result of sending my complaint to Human Resources. Deena Mansfield informed Brian Huber of my complaint. Brian Huber continued to harass me with emails about a meeting. I informed Deena Mansfield that Brian Huber continued to send me emails about a meeting. Deena Mansfield and Perry Ballard, CNO, came in at night to have a meeting with me (thus the company went against their word for no meeting) to ask me in 3 different ways if I would like to receive training for swab collection on 6-6-22. I stated to Perry Ballard, CNO, that I was not interested in swab collection training. On 6-7-22, I was fired by Brian Huber for bringing a complaint to HR and for not collecting swabs in the presence of Ben Batty, lab supervisor. 25 U.S. Code 3116 obligated service, breach of contract (a)

The actions of my employer is a violation of the following laws/statutes: UT 34-28-19. Retaliation prohibited, UT 34-6-203 Discharge of retaliation (1), UT Code 3-1-18, 34A-5-106 Discriminatory or prohibited employment practices, and 25 U.S. Code 3116 obligated service, breach of contract (a).

III. Statement of Claim

C,

Erika Jacobs, was terminated from employment for bringing a complaint to Human Resources by Brian Huber, lab manager. Prior to termination, Erika was falsely accused by nurses in the emergency room department of inability to do job, slamming objects down in the emergency room and not doing task of swabs (an assigned nurses duty). Erika Jacobs, has no witnesses for the Plaintiff although other employee's witnessed the events.

**Erika Jacobs had an implied and written contract to full fill 2 years of employment with Ashley Regional medical Center for sign on bonus. Erika Jacobs was hired permanently through a temp service. Ashley Regional Medical Center breached the contract by terminating Erika Jacobs and not adhering to contractual agreements of hiring (sabbath and swabs). The Offer for employment had been accepted and Plaintiff working before Ashley Medical Center decided to terminate the Plaintiff's employment.**

<u>Erika Jacobs, Plaintiff, brings this law suit under diversity, Wrongful termination Contractual Claim Statutes of Limitation 78 B-2-101 et seq. , and  all stated applicable statutes/laws documented to civil complaint.</u>


A form of employment discrimination, wrongful termination occurs when an employer fires an employee for unlawful reasons that violate an employment contract, public policy, or antidiscrimination laws defending the rights of employees belonging to a protected class. Although there are federal laws in place that set the basic standards for the equal ...

Employers in Utah are required to comply with several employment laws when they decide to terminate one of their employees. For example, employers cannot let an employee go because he or she practices a certain religion or if that person becomes pregnant (/recruiter-guide/hiring-glossary-a-to-z/pregnancy-discrimination-act  pda-of-1978/). When employers fail to follow these laws, their actions can be considered illegal, and their employee has the right to take legal action against them.

iii. Employers who fail to follow at-will employment exceptions violate employment laws in the state and may find themselves involved in a lawsuit. In cases where an employee takes legal action against his or her employer, that person may be able to collect several different types of compensation if his or her case is successful. For instance, in employment law-related cases, an employee may be awarded front pay, back pay, reimbursement for attorney fees and punitive damages. The employee may also be able to go back to the position he or she was terminated from.

Breach of Contract: Employers who establish an employment contract with an employee are not subject to Utah's at-will employment laws. In addition to recognizing written contracts, the state also recognizes implied employment contracts based on oral agreements, any statements that are outlined in an employee handbook and any action displayed by employers that illustrate their intention to not fire at will. For instance, employers Legal Resources (/recruiter-guide/legal-resources/) Business Resources (/recruiter-guide/business-resources/) Hiring Resources (/recruiter-guide/hiring-resources/) might have an implied contract if they promise an employee that as long as he or she performs well, he or she will remain employed. Employers who terminate an employee without good cause when an employment contract is in place may face legal action on behalf of the terminated worker

Retaliation: Employment laws in Utah make it illegal for employers to retaliate against an employee when he or she asserts his or her rights as a worker. For instance, if an employee files a complaint with HR on the basis that he or she was passed over for a raise because of his or her age, the worker's employer is not allowed to discipline or fire the employee for this action. Employers in the state are also not allowed to retaliate against an employee if he or she participates in the investigation of a discrimination complaint, regardless of who filed the initial complaint, or if that employee put forth effort to stop discriminatory practices in the workplace.

Workplace retaliation and protected activities: It is also against the law for Utah employers to fire an employee in retaliation for participating in an activity that is protected by law, such as: opposing discriminatory practices in the workplace, filing a

iii. complaint for unpaid wages, refusing to take part in an illegal or wrongful act, taking time off work to fulfill certain personal or civic obligations, reporting illegal activity on the part of the employer (whistleblowing), filing a workers' compensation claim, or participating in a discrimination investigation.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

### IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I received no physical injuries. I did receive injuries to my reputation and financially. I am now unemployed. I was called and hired for the position of Medical Technologist in Virginia. I traveled across the country and left my residence in Virginia to work in Vernal Utah. Now, I will have to leave Utah with no employment and no permanent residence. It is injury to me: financially, reputation and housing.

### V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiff is requesting a letter of apology for ill treatment by Defendant in the handling of the HR complaint & wrongful termination. In addition, to payment of time lost from work until another job is obtained. Nevertheless, any punitive, compensatory &etc damages deemed necessary by a jury of my peers to begin at maxium of 80,000oz more. The Plaintiff is not required to pay back sign on bonus due to Employers breach of contract with termination of employment.

Page 5 of 6

Firefox about:blank

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-21-22

Signature of Plaintiff: Erika Jacobs
Printed Name of Plaintiff: Erika Jacobs

### B. For Attorneys

Date of signing: pro-se

Signature of Attorney: pro-se
Printed Name of Attorney: Erika Jacobs, pro-se
Bar Number: N/A
Name of Law Firm: N/A
Address: N/A
  City: N/A   State: N/A   Zip Code: N/A
Telephone Number: 602-434-3107
E-mail Address: Erika457@live.com