# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ERIKA JACOBS,<br><br>            Plaintiff,<br><br>v.<br><br>ASHLEY REGIONAL MEDICAL CENTER,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:22-cv-00416-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Erika Jacobs's ("Ms. Jacobs") complaint.[2] Ms. Jacobs has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915.[3] Accordingly, the court reviews the sufficiency of Ms. Jacobs's complaint under local rule DUCivR 3-2(b). For the reasons explained below, the court finds that Ms. Jacobs's claims should be dismissed for lack of subject matter jurisdiction[4] and, therefore, orders Ms. Jacobs to file an amended complaint by November 3, 2022.

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

[4] DUCivR 3-2(b)(1)(B) ("At any time, . . . a magistrate judge may recommend dismissal of the action or a district judge may order dismissal of the action if . . . the court lacks jurisdiction.").

## BACKGROUND

Ms. Jacobs's complaint names Ashley Regional Medical Center ("ARMC"), located in Vernal, Utah, as the sole Defendant. Ms. Jacobs's complaint contains the following allegations in support of her claims:

- "[ARMC] did not honor [her] Sabbath[s] off each week as promised."[5]

- "[ARMC] did not honor [her] health benefits to start [on the] day of hire as indicated by [her supervisor] per phone conversation."[6]

- "[She] was fired by [her supervisor] for bringing a complaint to HR and for not collecting [nose and throat] swabs in the presence of [the] lab supervisor."[7]

- "Prior to termination, [she] was falsely accused by nurses in the emergency room department of [the] inability do [her] job, slamming objects down in the emergency room[,] and not doing [the] task of swabs (an assigned nurse[']s duty)."[8]

Based upon these allegations, Ms. Jacobs asserts causes of action for breach of contract, wrongful termination, employment discrimination, and retaliation, purportedly under 42 U.S.C. § 1983.[9]

---

[5] ECF No. 5 at 5.
[6] *Id*.
[7] *Id*. at 7.
[8] *Id*. at 8.
[9] *Id*. at 3.

## LEGAL STANDARDS

Federal courts are courts of limited subject matter jurisdiction.[10] Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Tenth Circuit states that "[a] case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."[11]

Under 28 U.S.C. § 1332(a), federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."[12] "[An individual] is a citizen of the state in which he or she is domiciled. Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely."[13] Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[14]

Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The party invoking federal jurisdiction bears the burden of establishing

---

[10] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[11] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotations and citation omitted).

[12] *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[13] *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

[14] *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations and citation omitted)).

such jurisdiction.[15] To do so, the plaintiff "must allege in [her] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[16] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Fed. R. Civ. P. 12(b)(1).[17] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage of the litigation.[18]

In analyzing Ms. Jacobs's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[20] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[21]

---

[15] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[16] *U.S. ex rel. Precision Co. v. Kock Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

[17] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[18] *Id.* at 501.

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[20] *Bellmon*, 935 F.2d at 1110.

[21] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

## ANALYSIS

The court orders Ms. Jacobs to amend her complaint because, as demonstrated below, the court lacks jurisdiction over Ms. Jacobs's claims. However, because Ms. Jacobs might be able to amend her complaint to cure this issue, the court affords her the opportunity to do so.

### I.     The Court Lacks Jurisdiction Over Ms. Jacobs's Claims.

Ms. Jacobs cannot establish jurisdiction under 28 U.S.C. § 1331 because she has not established that federal law creates a cause of action or that her right to relief necessarily depends on the resolution of a substantial question of federal law. Ms. Jacobs's claims do not provide any basis for relief under 42 U.S.C. § 1983. To prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that she was injured as a result of state action.[22] Thus, private conduct, "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim.[23] In her complaint, Ms. Jacobs appears to name a private hospital—not a state actor—as the sole Defendant. Further, rather than alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws],[24] Ms. Jacobs appears to raise several state-law claims of breach of contract, wrongful termination, employment discrimination, and retaliation in violation of Utah law.

The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case."[25] Thus, a private party *may* be considered a state actor

---

[22] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 (1982).

[23] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations and citation omitted).

[24] 42 U.S.C. § 1983.

[25] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

if "(1) there is a close nexus between the government and the challenged conduct; (2) the state has insinuated itself into a position of interdependence with a private party; (3) a private party is a willing participant with the state or its agents; and (4) the state delegates to the private party a traditional government function."[26] At this juncture, Ms. Jacobs has not pled any facts demonstrating that ARMC's actions are significantly intertwined with the state such that ARMC's acts can reasonably said to be acts of the government. Therefore, Ms. Jacobs has not sufficiently alleged claims under § 1983.

Additionally, Ms. Jacobs cannot invoke the court's diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[27] Ms. Jacobs has failed to allege a basis for exercising diversity jurisdiction over her claims because, at the time the complaint was filed, both she and ARMC were domiciled in Utah.[28] The fact that Ms. Jacobs has recently relocated to Illinois is insignificant and cannot serve as basis to cure the lack of diversity.

## II. The Court Permits Ms. Jacobs to Move for Leave to Amend Her Complaint.

Based upon the foregoing analysis, this court lacks subject matter jurisdiction over Ms. Jacobs's claims because she can neither establish federal question jurisdiction nor diversity of citizenship. Accordingly, the court grants Ms. Jacobs an opportunity to amend her complaint to cure this deficiency.

---

[26] *Read v. Klein*, 1 F. App'x 866, 870-871 (10th Cir. 2001).
[27] *See, e.g.*, *Grupo Dataflux*, 541 U.S. at 570.
[28] ECF No. 5 at 2.

## **CONCLUSION AND ORDER**

The court ORDERS as follows:

1. Ms. Jacobs is ordered file an amended complaint by November 3, 2022. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Jacobs's failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 4th day of October 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge