## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **ERIKA JACOBS,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:22-cv-00416-RJS-JCB** |
| **ASHLEY REGIONAL MEDICAL CENTER,** | |
| **Defendant.** | **Chief District Judge Robert J. Shelby** |
| | **Magistrate Judge Jared C. Bennett** |

Chief Judge Robert J. Shelby referred this action to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Erika Jacobs's ("Ms. Jacobs") amended complaint.[2] Ms. Jacobs has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Ms. Jacobs's complaint under the authority of the IFP Statute. Upon review, Ms. Jacobs fails to state a plausible claim for relief, and further opportunities to amend would be futile. Accordingly, the court recommends that this action be dismissed with prejudice.

---

[1] ECF No. 7.

[2] ECF No. 10.

[3] ECF No. 4.

**BACKGROUND**

Ms. Jacobs's original complaint in this action named Ashley Regional Medical Center ("ARMC"), located in Vernal, Utah, as the sole Defendant.[4] Ms. Jacobs's complaint contained the following allegations in support of her claims:

- "[ARMC] did not honor [her] Sabbath[s] off each week as promised."[5]

- "[ARMC] did not honor [her] health benefits to start [on the] day of hire as indicated by [her supervisor] per phone conversation."[6]

- "[She] was fired by [her supervisor] for bringing a complaint to HR and for not collecting [nose and throat] swabs in the presence of [the] lab supervisor."[7]

- "Prior to termination, [she] was falsely accused by nurses in the emergency room department of [the] inability to do [her] job, slamming objects down in the emergency room[,] and not doing [the] task of swabs (an assigned nurse[']s duty)."[8]

Based upon these allegations, Ms. Jacobs asserted causes of action for breach of contract, wrongful termination, employment discrimination, and retaliation, purportedly under 42 U.S.C. § 1983.[9]

---

[4] ECF No. 5.

[5] *Id*. at 5.

[6] *Id*.

[7] *Id*. at 7.

[8] *Id*. at 8.

[9] *Id*. at 3.

In an October 4, 2022 Memorandum Decision and Order, the court reviewed the sufficiency of Ms. Jacobs's original complaint under the authority of the IFP Statute.[10] After analyzing each of Ms. Jacob's claims, the court concluded that it lacked jurisdiction.[11] However, the court provided Ms. Jacobs with an opportunity to amend her complaint—noting that any attempt by Ms. Jacobs to cure diversity would be futile because diversity jurisdiction is determined at the time of filing the complaint.[12]

Ms. Jacobs filed an amended complaint on October 20, 2022, once again naming ARMC as Defendant.[13] There, Ms. Jacobs appears to assert causes of action for breach of contract, wrongful termination, employment discrimination, and retaliation, purportedly in violation of both Utah law and 25 U.S.C. § 3116.[14] Additionally, Ms. Jacobs asserts "wrongful termination codes/statutes of employment not listed but applicable to case."[15] In liberally construing Ms. Jacobs's amended complaint, the court frames Ms. Jacobs's unlisted statutory claims as asserting a cause of action under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex, and national origin.[16] Indeed, the court cannot think of another federal statute that would apply to her assertions other than that.

---

[10] ECF No. 9.

[11] *Id*. at 5-6.

[12] *Id*. at 6.

[13] ECF No. 10.

[14] *Id*. at 3.

[15] *Id*.

[16] 42 U.S.C. § 2000e.

## LEGAL STANDARDS

Under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[17] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[18] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face."[19] The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[20]

In analyzing Ms. Jacobs's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[22] Consequently, the court

---

[17] 28 U.S.C. § 1915(e)(2)(B)(ii).

[18] *Id.*

[19] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal citation and quotation marks omitted).

[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[22] *Bellmon*, 935 F.2d at 1110.

4

"will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[23]

## ANALYSIS

The court recommends dismissal of this action for two reasons. First, all of Ms. Jacobs's federal claims fail as a matter of law and, consequently, the court cannot exercise supplemental jurisdiction over Ms. Jacobs's state law claims. Second, granting Ms. Jacobs the opportunity to amend her complaint again is futile, which means that her claims should be dismissed with prejudice. Each issue is discussed in order below.

### I.   MS. JACOBS'S CLAIMS FAIL AS A MATTER OF LAW.

Ms. Jacobs's two federal claims fail as a matter of law. First, Ms. Jacobs has failed to state a claim under the only federal statute in her complaint, 25 U.S.C. § 3116. Second, even if this court liberally—and generously—construes Ms. Jacobs's ambiguous "wrongful termination" claim as a cause of action under Title VII of the Civil Rights Act of 1964, Ms. Jacobs's complaint fails to plead sufficient facts to state a plausible claim for relief, and, therefore, this court should not exercise supplemental jurisdiction of any state cause of action that Ms. Jacobs raises. The fatal deficiencies in each cause of action are discussed in order below.

#### A.   MS. JACOBS FAILS TO STATE A CLAIM UNDER 25 U.S.C. § 3116.

Ms. Jacobs's only explicitly pled federal claim is an unadorned citation to 25 U.S.C. § 3116. This statute involves enforcement of "an agreement for obligated service in return for financial assistance under any provision of this chapter."[24] The chapter referenced is the

---

[23] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[24] 25 U.S.C. § 3116(a) (emphasis added).

5

provision of federal law that governs "demonstration projects by which federally recognized Indian Tribes or Tribal organizations may contract to perform administrative, management, and other functions of programs of the Tribal Forest Protection Act of 2004" within the Department of the Interior.[25] None of Ms. Jacobs's allegations establishes a plausible violation under that section. Therefore, Ms. Jacobs's claim under 25 U.S.C. § 3116 fails as a matter of law.[26]

    B.  <u>MS. JACOBS FAILS TO STATE A CLAIM UNDER TITLE VII.</u>

       Ms. Jacobs cannot state a plausible claim for relief under Title VII of the Civil Rights Act of 1964 because she has failed to establish a prima facie case of wrongful termination based on religious discrimination. Title VII makes it an "unlawful practice for an employer . . . to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion."[27]  To adequately plead a claim under Title VII, Ms. Jacobs must demonstrate that (1) her bona fide religious belief conflicted with an employment requirement; (2) she informed ARMC of this belief; and (3) ARMC fired her because she did not comply with the conflicting

---

[25] 25 U.S.C. § 3115b.

[26] Further, in her original complaint, Ms. Jacobs appeared to assert causes of action under 42 U.S.C. § 1983. ECF No. 5 at 3. However, in her amended complaint, Ms. Jacobs has crossed out 42 U.S.C. § 1983 as the basis for jurisdiction, and notes that "no state or local official" is being sued; "this is a local hospital." ECF No. 10 at 3. The court already addressed in its October 4, 2022 Memorandum Decision and Order that Ms. Jacobs's claims do not provide any basis for relief under 42 U.S.C. § 1983. ECF No. 9. Ms. Jacobs has not provided the court with any additional facts in her amended complaint to cure this deficiency, and by crossing out 42 U.S.C. § 1983 as a basis for jurisdiction in her amended complaint, the court assumes that she has abandoned her claims under section 1983. Nevertheless, to the extent she still asserts them, they fail for the reasons stated in the court's earlier order. Therefore, the court will not address Ms. Jacobs's section 1983 claims any further.

[27] 42 U.S.C. § 200e-2(a)(1).

employment requirement.[28] Here, Ms. Jacobs has not established that she was wrongfully terminated because her religious needs conflicted with ARMC's employment requirements.

Ms. Jacobs alleges that ARMC "did not honor [her] Sabbath[s] off each week as promised"[29] thus violating the terms of her employment agreement.[30] Although Ms. Jacobs has alluded to a religious belief requiring a Sabbath, and that she informed ARMC of this need prior to accepting employment,[31] Ms. Jacobs has not alleged that she was fired because of her observation of the Sabbath. Nor has Ms. Jacobs alleged that her refusal to collect nose and throat swabs was due to her bona fide religious belief. Instead, Ms. Jacobs claims she "did not feel comfortable collecting swabs and requested that this task . . . not be required of [her] because [she] was not required to perform this task per [her] job hire."[32] At best, Ms. Jacobs has pled that ARMC did not meet her expectations vis-à-vis her religious practice, but she entirely fails to show that her religious beliefs were the basis of terminating her employment. Thus, Ms. Jacobs has failed to establish wrongful termination under Title VII.[33]

---

[28] *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000).

[29] ECF No. 10 at 6.

[30] *Id*. at 9.

[31] *Id*. at 6.

[32] *Id*. at 7.

[33] This court lacks supplemental jurisdiction over Ms. Jacobs's state law claims because the court lacks federal question jurisdiction. 28 U.S.C. § 1367(c)(3).

II.   **ALLOWING MS. JACOBS TO AMEND HER COMPLAINT A SECOND TIME WOULD BE FUTILE.**

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[34] In the court's October 4, 2022 Memorandum Decision and Order—which reviewed the sufficiency of Ms. Jacobs's original complaint under the authority of the IFP Statute—the court concluded that Ms. Jacobs failed to state a claim under 42 U.S.C. § 1983 and had failed to invoke the court's jurisdiction.[35] Ms. Jacobs's amended complaint asserts claims that were asserted in the original complaint, yet those claims still suffer from the same deficiencies, and, as shown above, all of Ms. Jacobs's federal claims fail as a matter of law. Because Ms. Jacobs was provided with an opportunity to correct the deficiencies in her complaint but failed to do so, providing her with another chance to correct those deficiencies would be futile, and, therefore, this action should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[36] The parties must file any objections

---

[34] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[35] ECF No. 9 at 5-6.

[36] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

to this Report and Recommendation within fourteen days after being served with a copy of it.[37]

Failure to object may constitute waiver of objections upon subsequent review.

 IT IS SO ORDERED.

 DATED this 8th day of November 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).