UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIKA JACOBS,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY REGIONAL MEDICAL CENTER,<br><br>Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00416-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Erika Jacobs initiated this pro se action on June 22, 2022, bringing seven claims under 42 U.S.C. § 1983 against Defendant Ashley Regional Medical Center (ARMC).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Jared C. Bennett to handle the case, up to and including a report and recommendation on all dispositive matters.[2]

On October 4, 2022, Judge Bennett filed a Memorandum Decision and Order to Amend Complaint (MDO).[3] In the MDO, Judge Bennett found the Complaint could not establish federal jurisdiction because: (1) § 1983 provides relief for individuals injured as a result of state action, and ARMC is a private entity not a state actor; and (2) Jacobs could not alternatively invoke federal diversity jurisdiction under 28 U.S.C. § 1332 because both parties were domiciled in Utah.[4] Judge Bennett permitted Jacobs to file an amended complaint to cure the deficiencies and warned that a failure to rectify the issues could result in dismissal.[5] And he noted, "[t]he fact

---

[1] Dkt. 5, *Complaint.*

[2] Dkt. 3.

[3] Dkt. 9, *Memorandum Decision and Order to Amend Complaint* (*MDO*).

[4] *Id.* at 6. To obtain federal jurisdiction through diversity, a complaint must plead more than $75,000 for the amount in controversy and concern citizens of different states or countries. *See* 28 U.S.C. § 1332(a).

[5] *Id.* at 6–7.

that Ms. Jacobs has recently relocated to Illinois is insignificant and cannot serve as basis to cure the lack of diversity."[6]

Jacobs filed an Amended Complaint on October 20, 2022.[7] The Amended Complaint included six causes of action against ARMC and again cited 28 U.S.C. § 1332 as a basis for federal jurisdiction.[8] In the Amended Complaint, Jacobs lists an Illinois post office box as her address and a Utah address for ARMC, and requests damages for $80,000 or more.[9]

On November 9, 2022, Judge Bennett issued a Report and Recommendation (the Report).[10] Judge Bennett evaluated Jacobs's pleadings under the liberal pleading standard afforded pro se litigants and concluded the Amended Complaint could not survive.[11] Specifically, there was no basis for federal jurisdiction.[12] Jacobs could not claim diversity jurisdiction, "because diversity jurisdiction is determined at the time of filing" and both parties were Utah residents when Jacobs filed her Complaint.[13] Jacobs's attempt to cure diversity with a new address was futile.[14] In reviewing for possible federal causes of action, Judge Bennett concluded Jacobs had not established any federal claims.[15] Without federal claims, there were no grounds to exercise supplemental jurisdiction over the state claims.[16] In sum, Jacobs could

---

[6] *Id.* at 6; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574–75 (2004) ("[W]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." (*quoting Connolly v. Taylor*, 2 Pet. 556, 565 (1829)).

[7] Dkt. 10, *Amended Complaint.*

[8] *Amended Complaint* at 3.

[9] *Id.* at 2.

[10] Dkt. 11, *Report and Recommendation.*

[11] *Id.* at 3–4.

[12] *See generally, id.*

[13] *Id.* at 3.

[14] *Id.* at 3.

[15] *Id.* at 5–7.

[16] *Id.* at 5.

not maintain an action in federal court.[17]  Given Jacobs had already been provided an opportunity to correct the deficiencies in her Complaint and failed to do so, Judge Bennett recommended dismissal with prejudice.[18]  The Report notified Jacobs of her right to file objections "within fourteen days after being served with a copy of it" and warned her that a "[f]ailure to object may constitute waiver of objections upon subsequent review."[19]

     Nearly a month later, Jacobs has not filed an objection to the Report.  Jacobs did file a Motion for Recusal,[20] which was denied in an Order wherein this court again informed Jacobs of her right to file an objection to the Report within fourteen days of service.[21]  Jacobs also filed two interlocutory appeals with the United States Tenth Circuit Court of Appeals.[22]  The Tenth Circuit Court dismissed the appeals for lack of jurisdiction[23] and noted that this court had "not yet addressed or adopted Judge Bennett's report and recommendation, nor has Ms. Jacobs lodged any objection to that report."[24]  Jacobs filed objections to both the Order denying recusal and the Tenth Circuit's dismissal, but no objection to the Report.[25]  In her objection to the Tenth Circuit,

---

[17] *See generally id.*

[18] *Id.* at 8.

[19] *Id.* at 9.

[20] Dkt. 12, *Motion for Recusal*.

[21] Dkt. 22, *Order Denying Motion for Recusal* at 4.

[22] Dkt. 13, *Notice of Interlocutory Appeal re [Dkt.] 11 Report and Recommendations*; Dkt. 17, *Notice of Interlocutory Appeal re [Dkt.] 11 Report and Recommendations [2]*.

[23] Dkt. 16, *Mandate of USCA as to 17 Notice of Appeal – Interlocutory*; Dkt. 21, *Mandate of USCA as to 17 Notice of Appeal – Interlocutory.*

[24] Dkt. 16 at 1.

[25] *See* Dkt. 23, *Motion to Object the Order Against Recusal of Federal Judges*; Dkt. 24, *Motion to Object Order.* Admittedly, the second Motion to Object [Dkt. 24] bears an ambiguous title and upon first glance could be perceived as an objection to the Report.  And because Jacobs is pro se, the court is required to liberally construe her pleadings.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).  But even under that standard, Jacobs's Motion cannot qualify as an Objection to the Report.  "[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining a court "will not supply additional facts, nor will [it] construct a legal theory" for a pro se plaintiff).  Initially, the Motion is unclear, its caption lists "The United States 10th District Court of Appeals" but then uses the district court case number, not the appellate case number.  Dkt. 24,

Jacobs argued her appeal was timely and asserted "I am not required by law to put in . . . an objection to [the lower court's] order. . . . I have done properly by law in filing my Notice of appeal."[26]

Jacobs is mistaken. The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."[27] A party must make both timely and specific objections to a magistrate judge's report "to preserve an issue for de novo review by the district court or for appellate review."[28] Where a party fails to properly object after being warned of the consequences, this court generally reviews a report and recommendation for clear error[29] unless "the interests of justice require review."[30]

Jacobs was advised of her right to object to the Report within fourteen days and warned of the consequences resulting from a failure to object.[31] She did not file an objection. There is

---

*Motion to Object Order* at 1. However, the substance of the Motion is directed to the appellate court, objecting to that court's dismissal of Jacobs's interlocutory appeals. Dkt. 24, *Motion to Object Order* at 1–2 (including statements such as: "[I]f you want to wait for the lower court to restate their final decision again before you process the notice of appeal that is fine. Yet, the notice of appeal should not have been dismissed." and "The Plaintiff was in proper protocol to file her Notice of appeal and it was not interlocutory. . . . Please do not dismiss my appeal for retaliatory purposes."). For that reason, the court treats this Motion as an objection to the Tenth Circuit's dismissal rather than an objection to the Report.

But additionally, viewing the substance of the Motion—no specific objection to Judge Bennet's reasoning is evident. Instead, Jacobs simply states "I have not put in a motion for consideration and will not because I have amended the complaint and it is in merit."

[26] Dkt. 24, *Motion to Object Order* at 1.

[27] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal citations and quotations omitted).

[28] *Id.* at 1060.

[29] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error." (citations omitted)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[30] *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).

[31] *See* Dkt. 11 at 9; Dkt. 16 at 1; Dkt. 22 at 4.

no discernable reason in the record to justify overlooking the Rules and reviewing the case de novo.[32] Accordingly, the court reviews the Report for clear error. Under that standard, the court finds no error in Judge Bennett's conclusions or recommendations. They are well supported by the record and cited legal authorities. The court therefore ADOPTS them[33] in their entirety and DISMISSES WITH PREJUDICE Jacobs's Amended Complaint and the claims therein.[34] The clerk of court is directed to close the case.

SO ORDERED this 29th day of December, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[32] *See One Parcel of Real Prop.*, 73 F.3d at 1060–61 (explaining that "application of the waiver rule advances . . . important policies" and the waiver rule may be excused "when the interests of justice so dictate").

[33] Dkt. 11.

[34] Dkt. 10.